(164 App. Div. 32)

## PEOPLE v. BRUNO.

(Supreme Court, Appellate Division, Second Department. October 2, 1914.)

CRIMINAL LAW (§ 59*)—WHO ARE ACCOMPLICES—EVIDENCE—"ACCOMPLICE."

    Penal Law (Consol. Laws, c. 40) § 2354, subd. 1, providing that a person who counterfeits a trade-mark shall be guilty of a misdemeanor, implies that the act must be done with a fraudulent or criminal intent, and a printer, by printing impressions from plates brought to him by his customer in the ordinary course of business, and delivering the impressions to his customer, could not be regarded as an accomplice, within the law relating to evidence of accomplices.

    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 71, 73, 74, 76–81; Dec. Dig. § 59.*

    For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

Appeal from Court of Special Sessions of Kings County.

Philip Bruno was convicted of falsely making and counterfeiting a trade-mark, and he appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Ralph Underhill, of Brooklyn, for appellant.

Harry G. Anderson, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

JENKS, P. J. Unless the witness Grundig was revealed unquestionably as an accomplice, the proof was sufficient to convict the defendant of a violation of the trade-mark law. Grundig, who had been a printer for five years, carried on that business in a small way at' his own place in the borough of Brooklyn. He testifies that the defendant brought certain plates to his place and ordered a large number of impressions, which were made, were delivered, and were paid for. There is nothing suspicious in this relation of Grundig and the defendant, and there is no indication that the work was done save as any other work given to Grundig. Moreover, Grundig did not attempt to conceal or suppress anything that he did when an investigation was made. The only possible suspicion as to a printer's guilty complicity might arise from the fact that the impressions represented the label of a liquor made by very well-known manufacturers. If the plates had been taken to a printer of large business, who naturally might be familiar with the repute of the manufacturers, the fact that he executed such work at the behest of a stranger, without inquiry or investigation, might well make against him; but Grundig reveals himself on the stand as exactly the kind of man that should be chosen, for his ignorance and not for his cunning, to do such fraudulent work. I think that Grundig did not himself violate the law merely by the printing of the impressions, for, in my opinion, to falsely make or counterfeit, as used in subdivision 1, § 2354, of the Penal Law, implies that the act must be done with a fraudulent or a criminal intent. United States v. King, 5 McLean, 208, 26 Fed. Cas. 787; United States v. Otey (C. C.) 31 Fed. 68. See, too, Bannen's Case, per Tindall, C. J., 2 Mood. 312, cited 1 Russell on Crimes (7th. Ed.) p. 367.

The judgment of conviction should be affirmed. All concur.